**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

Cases pending in the U.S. District Court for the Western District of Texas
*Lashify, Inc. v. Qingdao Hollyren Cosmetics Co., Ltd. d/b/a Hollyren*,
6:22-cv-00777-ADA-DTG (W.D. Tex. filed July 12, 2022)
*Lashify, Inc. v. Qingdao Lashbeauty Cosmetic Co., Ltd. d/b/a Worldbeauty*,
6:22-cv-00776-ADA-DTG (W.D. Tex. filed July 12, 2022)

| | |
|---|---|
| KISS NAIL PRODUCTS, INC.<br><br>          Movant<br><br>v.<br><br>LASHIFY, INC.<br><br>IN RE SUBPOENAS SERVED ON KISS<br>NAIL PRODUCTS, INC. | Misc. Action No.: 1:24-mc-0025 |

### <u>KISS NAIL PRODUCTS, INC.'S NOTICE OF MOTION TO QUASH SUBPOENAS</u>

PLEASE TAKE NOTICE that upon the accompanying Memorandum of Law in Support of KISS Nail Products, Inc.'s ("KISS") Motion to Quash Subpoenas and any exhibits thereto, non-party KISS will move this Court, at a date and time to be determined by the Court, for an Order pursuant to Federal Rule of Civil Procedure 45(d) and Local Civil Rule 7.1 to quash (1) the Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises, issued in Civil Action Nos. 22-cv-776 and 777 (W.D. Tex.) and (2) the Subpoenas to Testify at a Deposition, issued in Civil Action Nos. 22-cv-776 and 777 (W.D. Tex.) issued by Lashify, Inc., for other and further relief as the Court may deem just and proper, and to the extent that the instant motion does not automatically suspend KISS's obligation to produce documents or a witness, for an order staying any document production or deposition pending resolution of the instant motion.

Date:  January 16, 2024                    Respectfully submitted,


                                           /s/ *Eric Faragi*
                                           Eric Faragi
                                           eric.faragi@bakerbotts.com
                                           BAKER BOTTS L.L.P.
                                           30 Rockefeller Plaza
                                           New York, NY 10112-4498
                                           Tel: (212) 408-2591
                                           Fax: (212) 259-2591

                                           Thomas C. Martin (*pro hac vice* to be filed)
                                           tommy.martin@bakerbotts.com
                                           BAKER BOTTS L.L.P.
                                           700 K Street, N.W.
                                           Washington, D.C. 20001
                                           Tel: (202) 639-7700
                                           Fax: (202) 639-7890

                                           *Attorneys for*
                                           *KISS Nail Products, Inc.*

**CERTIFICATE OF SERVICE**

The foregoing Notice of Motion to Quash was served electronically on all counsel of record in this matter via the Court's ECF system.  In addition, I caused the foregoing to be served by email on:

Jonathan T. McMichael (jmcmichael@fenwick.com), subpoena-issuing counsel for Lashify, Inc.

Dated: January 16, 2024

/s/ *Eric Faragi*
  Eric Faragi

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

Cases pending in the U.S. District Court for the Western District of Texas
*Lashify, Inc. v. Qingdao Hollyren Cosmetics Co., Ltd. d/b/a Hollyren*,
6:22-cv-00777-ADA-DTG (W.D. Tex. filed July 12, 2022)
*Lashify, Inc. v. Qingdao Lashbeauty Cosmetic Co., Ltd. d/b/a Worldbeauty*,
6:22-cv-00776-ADA-DTG (W.D. Tex. filed July 12, 2022)

| | |
|---|---|
| KISS NAIL PRODUCTS, INC. <br><br>          Movant <br><br> v. <br><br> LASHIFY, INC. <br><br> IN RE SUBPOENAS SERVED ON KISS <br> NAIL PRODUCTS, INC. | Misc. Action No.: 1:24-mc-0025 |

**KISS NAIL PRODUCTS, INC.'S MEMORANDUM**
**IN SUPPORT OF MOTION TO QUASH SUBPOENAS**

**TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................................. 1

II.    LEGAL STANDARD ......................................................................................... 5

III.   ARGUMENT ...................................................................................................... 5

       A.     The subpoenas subject KISS to an undue burden .................................. 6

              1.   RFP Nos. 1 and 20 and the deposition topic are overbroad and not
                   proportional to the needs of the case .............................................. 6

              2.   The documents sought by the Subpoenas (and a deposition about them) are
                   not relevant to the Texas Cases and as such Lashify does not need them. ....... 8

              3.   The burden imposed on KISS to prepare witnesses to sit for a deposition is
                   substantial, particularly when KISS has already done so and KISS has given
                   Lashify permission to use the deposition transcripts. .................................... 15

       B.     The Court should order further relief to KISS as it deems just and proper. ......... 16

IV.    CONCLUSION ................................................................................................ 16

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Banner Industries of N.E., Inc. v. Wicks*,
No. 1:11-cv-1537 (NAM/RFT), 2013 WL 5722812 (N.D.N.Y. Oct. 21, 2013) ..............13, 14

*Berkelhammer v. Voya Institutional Plan Services, LLC*,
No. 3:22-mc-00099, 2023 WL 5042526 (D. Conn. Aug. 8, 2023)................................4, 14, 15

*Certain Artificial Eyelash Extension Systems, Products, & Components Thereof*,
International Trade Commission Investigation No. 337-TA-1226 (Sept. 9, 2020)...................1

*During v. City Univ. of N.Y.*,
05-CV-6992 (RCC), 2006 WL 2192843 (S.D.N.Y. Aug. 1, 2006)........................................12

*Hughes v. Twenty-First Century Fox., Inc.*,
327 F.R.D. 55 (S.D.N.Y. 2018) ...........................................................................................4

*In re Candor Diamond Corp.*,
26 B.R. 847 (S.D.N.Y.1983)................................................................................................13

*In re Corso*,
328 B.R. 375 (E.D.N.Y. 2005) ..............................................................................................5

*In re Fitch Inc.*,
330 F.3d 104 (2d Cir. 2003)...................................................................................................4

*In re Subpoena Duces Tecum Served on Bell Commc'n Research, Inc.*,
No. MA–85, 1997 WL 10919 (S.D.N.Y. Jan.13, 1997), *modified on other grounds,* 1997 WL
16747 (S.D.N.Y. Jan.17, 1997).............................................................................................5

*Ireh v. Nassau Univ. Med. Ctr.*,
No. CV-06-09 (LDW)(AKT), 2008 WL 4283344 (E.D.N.Y. Sept. 17, 2008)......................12

*Nova Biomedical Corp. v. i-STAT Corp.*,
182 F.R.D. 419 (S.D.N.Y. 1998) ........................................................................................13

*Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*,
No. 13 CIV. 1654(RA)(HBP), 2014 WL 5420225 (S.D.N.Y. Oct. 24, 2014) ........................5

*Solow v. Conseco, Inc.*,
No. 06-CV-5988 (BSJ)(THK), 2008 WL 190340 (S.D.N.Y. Jan. 18, 2008) .........................13

*Torcasio v. New Canaan Board of Ed.*,
No. 3:15-CV-00053 (AWT), 2016 WL 312102 (D. Conn. Jan. 26, 2016).......................12, 13

*Watts v. SEC*,
    482 F.3d 501 (D.C. Cir. 2007) ..................................................................................12

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26(b) .............................................................................................................13

FED. R. CIV. P. 45(d) ...................................................................................................4, 13

**TABLE OF EXHIBITS**

| Ex. | Description |
|-----|-------------|
| A | Subpoena for Documents, issued in Case No. 6:22-cv-00777-ADA-DTG (W.D. Tex. filed July 12, 2022) (*Lashify v. Hollyren*) |
| B | Subpoena for Documents, issued in Case No. 6:22-cv-00776-ADA-DTG (W.D. Tex. filed July 12, 2022) (*Lashify v. Worldbeauty*) |
| C | Subpoena for Deposition, issued in Case No. 6:22-cv-00777-ADA-DTG (W.D. Tex. filed July 12, 2022) (*Lashify v. Hollyren*) |
| D | Subpoena for Deposition, issued in Case No. 6:22-cv-00776-ADA-DTG (W.D. Tex. filed July 12, 2022) (*Lashify v. Worldbeauty*) |
| E | Initial Determination on Violation of Section 337 and Recommended Determination, Inv. No. 337-TA-1226 (USITC Oct. 28, 2021) (Public Version) |
| F | Lashify's Second Amended Complaint against Hollryen |
| G | Lashify's Second Amended Complaint against Worldbeauty |
| H | Hollyren's Second Amended Answer |
| I | Worldbeauty's Second Amended Answer |
| J | Email correspondence between counsel for Lashify and counsel for KISS |
| K | Executed Undertaking by Lashify's counsel from ITC Inv. No. 337-TA-1226 |

Pursuant to Federal Rule of Civil Procedure 45(d) and Local Civil Rule 7.1, non-party KISS Nail Products, Inc. ("KISS") submits this memorandum in support of its motion to quash (1) the Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises, issued in Civil Action Nos. 22-cv-776 and 777 (W.D. Tex.) (the "Document Subpoenas") and (2) the Subpoenas to Testify at a Deposition, issued in Civil Action Nos. 22-cv-776 and 777 (W.D. Tex.) (the "Deposition Subpoenas" and with the Document Subpoenas, the "Subpoenas") issued by Lashify, Inc. ("Lashify"), for other and further relief as the Court may deem just and proper.  And to the extent that the instant motion does not automatically suspend KISS's obligation to produce documents or a witness, KISS also requests that the Court stay any document production or deposition pending resolution of the instant motion.  The Document Subpoenas are attached as Exhibits A and B; and the Deposition Subpoenas are attached as Exhibits C and D.  Other than the captions for the cases in which they issued, the two Document Subpoenas are identical to each other and the two Deposition Subpoenas are identical to each other.

## I.     INTRODUCTION

KISS is a New York-based business, with headquarters in Port Washington.  KISS markets and sells these eyelash and nail products primarily through brick-and-mortar retail stores.

Lashify is a California-based business selling its products online at www.lashify.com.  The Subpoenas are borne out of Lashify's ongoing litigation against other artificial eyelash suppliers, manufacturers, and retailers.  Convinced it came up with the idea of Do-It-Yourself ("DIY") eyelash extensions, and armed with some patents, Lashify has (for years now) crusaded against

not only new market entrants but even those companies that have been manufacturing and selling DIY eyelash extensions for far longer than Lashify, such as KISS.[1]

The Subpoenas were served on January 5, 2024 and were issued from district court cases brought by Lashify against Qingdao Hollyren Cosmetics Co., Ltd. d/b/a Hollyren ("Hollyren") and Qingdao LashBeauty Cosmetics Co., Ltd. d/b/a ("Worldbeauty" and with Hollyren, "Hollyren/Worldbeauty"), both of which are Chinese trading companies that sell artificial eyelashes to other resellers or retailers in the United States.   KISS is not related to Hollyren/Worldbeauty, and the Subpoenas do not request any information from KISS about Hollyren/Worldbeauty.  The Document Subpoenas require KISS to produce documents by January 17, 2024, and the Deposition Subpoenas require KISS to provide a witness for a deposition on January 26, 2023.

Before its district court lawsuits against Hollyren and Worldbeauty, Lashify initiated a proceeding against Hollyren and Worldbeauty in the United States International Trade Commission ("ITC") alleging a violation of 35 U.S.C. § 1337 ("Section 337") by virtue of Hollyren's and Worldbeauty's alleged infringement of certain Lashify patents.  KISS and certain of its retailers also were included in this lawsuit and accused of many of the same alleged violative acts.  After close review of the patents, lab imaging, and expert testimony, the ITC ultimately ruled that not a single Respondent had violated Section 337.  *See, e.g.*, *Certain Artificial Eyelash*

---

[1] *See, e.g., Certain Artificial Eyelash Extension Systems, Products, & Components Thereof,* International Trade Commission Investigation No. 337-TA-1226 (Sept. 9, 2020) (EDIS Doc ID 719222); *Lashify, Inc. v. KISS Nail Products, Inc.*, Case No. 1:20-cv-10023 (D.N.J. Aug. 5, 2020); *Lashify, Inc. v. Zeng et al.,* Case No. 3:20-cv-06086 (N.D. Cal. Aug. 28, 2020); *Lashify, Inc. v. Qingdao LashBeauty Cosmetic Co., Ltd. d/b/a Worldbeauty,* Case No. 6:22-cv-00776 (W.D. Tex. July 12, 2022); *Lashify, Inc. v. Qingdao Hollyren Cosmetics Co., Ltd. d/b/a Hollyren*, 6:22-cv-00777-ADA-DTG (W.D. Tex. filed July 12, 2022); *Lashify, Inc. v. Urban Dollz LLC et al.*, Case No. 2:22-cv-06148 (C.D. Cal. Aug. 29, 2022).

2

*Extension Systems, Products, & Components Thereof*, Inv. No. 337-TA-1226, Initial Determination on Violation of Section 337 and Recommended Determination on Remedy and Bond (Oct. 28, 2021) at 35–45 (attached hereto as Exhibit E), *aff'd* Inv. No. 337-TA-1226, Comm'n Op. (Pub.) (Oct. 24, 2022).

Relevant here is that, despite Lashify's allegations before the ITC that KISS "copied" Lashify's patented technology, the ITC specifically found that KISS did ***not*** infringe the patent asserted against it.  In fact, the ITC determined that not even Lashify's own products practiced Lashify's patents.  Lashify's loss on the latter issue rendered its lawsuit a failure as to all of the named respondents, including Hollyren and Worldbeauty.[2]  Unhappy with its loss,[3] Lashify has come back for more.

In the cases at hand, and notwithstanding its loss before the ITC, Lashify sued Hollyren and Worldbeauty in separate actions in the Western District of Texas in July 2022 (the "Texas Cases"), bringing against each defendant eight causes of action, the first five as actions for patent infringement, the sixth for false designation of origin under 35 U.S.C. § 1125(a)(1)(A), the seventh for false advertising under 15 U.S.C. § 1125(a)(1)(B), and the eighth for unfair competition under Texas common law.  Lashify's Second Amended Complaints in the Texas Cases are attached as Exhibits F and G.  Hollyren and Worldbeauty brought two counterclaims against Lashify, one for false advertising under 15 U.S.C. § 1125(a)(1)(B) and one for false patent marking under 35 U.S.C.

---

[2] Lashify also failed to establish that it satisfied the economic prong of Section 337's domestic industry requirement, which separately and independently rendered Lashify's lawsuit a failure as to all of the named respondents.

[3] Lashify is currently appealing the Commission's decision on multiple grounds, including the construction of a limitation that was found missing from both KISS's and Lashify's products. *See Lashify, Inc. v. ITC*, Case No. 23-1245 (Fed. Cir. June 30, 2023) at ECF No. 48.

§ 292.  Hollyren's and Worldbeauty's Second Amended Answers to the Second Amended Complaints and Counterclaims are attached as Exhibits H and I, respectively.

KISS has not been named in any of the pleadings in the Texas Case, nor has Lashify filed a separate lawsuit against KISS in the Western District of Texas or any other district.  KISS is informed that neither Lashify nor Hollyren or Worldbeauty listed KISS in their initial disclosures beyond their possession of information relating to prior art, and that neither KISS nor its Falscara product are identified in any discovery request or response related to alleged copying, the state of the art, or patent validity.  Nevertheless, at the tail end of the period allowed for fact discovery against Hollyren/Worldbeauty, Lashify served the Subpoenas on KISS, which require KISS, a third party, to expend significant, expensive, and time-consuming efforts searching for documents and preparing a corporate witness to testify on its behalf.  This is particularly troubling with respect to request for production ("RFP") No. 20 and Topic for Examination ("Topic") No. 1, which are unbounded in any meaningful respect.  To the extent the other requests—specifically, RFP Nos. 1-19—are limited to specific documents, those documents include KISS's confidential business information while bearing no relevance whatsoever to claims and defenses raised in the Texas Cases.  KISS should not be burdened with bearing the risk of inadvertent disclosure of its confidential business information, particularly in view of the irrelevance of that information to anything at issue in the Texas Cases.

For these reasons and those set forth in more detail below, KISS requests that the Court quash the Subpoenas in their entirety and protect KISS from irrelevant and unfairly burdensome discovery.  Indeed, in view of the irrelevance of the information requested, almost any burden would be undue.

## II.      LEGAL STANDARD

Motions to quash are "entrusted to the sound discretion of the district court." *In re Fitch Inc.*, 330 F.3d 104, 108 (2d Cir. 2003).  Rule 45 provides that the Court "must quash or modify" a subpoena that it finds subjects a non-party to an "undue burden."  FED. R. CIV. P. 45(d)(3)(A)(iv). To assess whether a subpoena's burden is undue, courts weigh "the burden to the subpoenaed party against the value of the information to the serving party" by considering such factors "as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Berkelhammer v. Voya Institutional Plan Services, LLC*, No. 3:22-mc-00099, 2023 WL 5042526, *2 (D. Conn. Aug. 8, 2023); *Hughes v. Twenty-First Century Fox., Inc.*, 327 F.R.D. 55, 57 (S.D.N.Y. 2018)   In addition, a court may quash or modify a subpoena if "it requires disclosing a trade secret or other confidential research, development, or commercial information."  FED. R. CIV. P. 45(d)(3)(B)(i).  That is the case with each of the documents Lashify seeks here.

On the other hand, the party serving a subpoena bears the burden of showing the appropriateness of a subpoena served on a nonparty.  *In re Subpoena Duces Tecum Served on Bell Commc'n Research, Inc.,* No. MA–85, 1997 WL 10919 at *2 (S.D.N.Y. Jan.13, 1997), *modified on other grounds,* 1997 WL 16747 (S.D.N.Y. Jan.17, 1997).   As a threshold matter, a party seeking materials from a third party must first show relevance sufficient to justify discovery.  *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.,* No. 13 CIV. 1654(RA)(HBP), 2014 WL 5420225, at *6 (S.D.N.Y. Oct. 24, 2014).  Lashify cannot do that here.

## III.     ARGUMENT

Rule 45(d) of the Federal Rules of Civil Procedure empowers a district court to "[p]rotect[]" the target of a subpoena.  Non-parties responding to a Rule 45 subpoena, in particular, are offered protection from discovery abuse.  *See In re Corso*, 328 B.R. 375, 383 (E.D.N.Y. 2005).

KISS's interests merit protection here.  And the Subpoenas must be quashed because they subject KISS to undue burden and they require KISS to disclose highly confidential information that is irrelevant to anything at issue in the Texas Cases.

### A.    The subpoenas subject KISS to an undue burden

The factors considered when determining whether to quash a subpoena strongly favor quashing the Subpoenas in their entirety.  First, the scope of Lashify's requests—particularly RFP No. 20 and Topic No. 1—is overboard, not particularly described, and disproportional to the needs of the Texas Cases.  Second, the documents requested and corresponding deposition topic bear no relevance to the claims and defenses at issue in the Texas Cases.  Third, the burden on KISS to sit for an additional deposition is extensive (and cumulative) since KISS employees already were deposed on each of the requested documents (with testimony provided on certain documents by more than one witness) in the ITC investigation.  As a compromise here, KISS already produced those transcripts in response to a subpoena from Hollyren/Worldbeauty.  No further deposition testimony should be needed on these documents even if KISS is required to produce them.

### 1.    RFP Nos. 1 and 20 and the deposition topic are overbroad and not proportional to the needs of the case.

On burden grounds, courts take a dim view of a party's attempt to undertake a wide-ranging rummage through a non-party's confidential information.  That is precisely what Lashify attempts here with the Subpoenas issued to KISS.

KISS is not a party to the Texas Cases; its products are not accused of infringement and it is not identified as supplying any component of an accused product or performing any limitation or step of an asserted claim.  Yet, Lashify's RFP No. 20 seeks *all* "[d]ocuments and communications *referring or relating* to this Action, Lashify, Lashify's products, Sahara Lotti,

the Asserted Patents or related patents, and Lashify's intellectual property," without limitation.[4] Lashify has not shown and cannot show how this breadth of documents is relevant to the Texas Cases.  KISS already produced (or agreed to produce) all of the documents it understands to be relevant to the Texas Cases.

Specifically, Hollyren/Worldbeauty are relying on two of KISS's products as prior art in the Texas Cases—specifically, KISS's "Trio" product and KISS's "Quattro" product.  KISS already produced the deposition transcripts of four KISS employees that testified about these products during the ITC investigation involving KISS and Lashify, which KISS did in response to a subpoena issued by Hollyren/Worldbeauty in the Texas Cases.  KISS also produced certain exhibits from those depositions that related to its Trio and Quattro products, and KISS has offered to produce additional exhibits that appear to relate to prior art in response to Lashify's request for a voluntary production.  KISS is unaware of any other documents or information from the ITC investigation that might be relevant to the claims and defenses in the Texas Cases.

Lashify's RFP No. 20 goes well beyond prior art and, instead, appears to be an improper fishing expedition.  It has no temporal limitation and could potentially capture years of communications and information, while Lashify's definition of "you" potentially captures dozens of individuals or entities.  Moreover, KISS and Lashify operate in a related commercial space and recently litigated against each other before the ITC, which means that Lashify's RFP No. 20 necessarily sweeps countless, irrelevant documents into its request for "[d]ocuments and communications referring or relating to ... Lashify, Lashify's products, Sahara Lotti, ... and

---

[4] To respond to Request No. 20, KISS would have to contend with Lashify's definition of "relating to," which is defined by Lashify to mean "constitute, include, comprise, consist of, refer, reflect, discuss, show, state, explain, contradict, provide context to, evidence, concern or be ***in any way*** logically or factually connected with the matter discussed or identified."

Lashify's intellectual property."  In fact, Lashify's RFP No. 20 is so broad that it subsumes every other RFP in the Document Subpoenas.

Similarly, Lashify's Topic No. 1—its only deposition topic—is so broad that it subsumes even RFP No. 20.  It seeks testimony on "[t]he contents ... of the documents, communications, and materials" produced in response to Lashify's RFPs.  The breadth of Lashify's Topic No. 1 is therefore at least as broad as its RFPs, including RFP No. 20.  And the breadth of RFP No. 20 alone is unduly burdensome.  Lashify's RFP No. 20 and Topic No. 1 should therefore be quashed.

Indeed, Rule 26(b)(1), requires discovery to be both "relevant to any party's claim or defense **_and_** proportional to the needs of the case, considering the importance of the issues at stake in the action . . . ."  FED. R. CIV. P. 26(b)(1) (emphasis added).  And Rule 45(d)(1) requires that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," while Rule 45(d)(3)(A) requires a court to quash or modify a subpoena that "subjects a person to undue burden."  FED. R. CIV. P. 45(d)(1); FED. R. CIV. P. 45(d)(3)(A).  Lashify's RFP No. 20 and Topic No. 1 should be quashed under Rule 45(d)(3)(A) at least because they fail to comply with Rules 26(b)(1) and 45(d)(1).

### 2. The documents sought by the Subpoenas (and a deposition about them) are not relevant to the Texas Cases and as such Lashify does not need them.

Lashify's Subpoenas are, at best, unorthodox.  Rather than describing the subject matter of the documents and information being sought in a manner that would allow an assessment of relevance, RFP Nos. 2-19 simply list documents from Lashify's ITC litigation with KISS by Bates number.  RFP No. 1, on the other hand, seeks every exhibit to the deposition transcripts already

produced by KISS in the Texas Cases, including those specifically identified in RFP Nos. 2-19.[5]

One must therefore look at the documents themselves to assess the relevance of Lashify's

requests.[6]  Doing so reveals that not a single document sought by RFP Nos. 2-19 bears on a single

claim or defense raised by the parties to the Texas Cases or includes any relevant information that

is not publicly available.

<blockquote>

**a.      The deposition exhibits relate to copying and KISS's Falscara product, not Hollyren/Worldbeauty's actions or prior art.**

</blockquote>

Lashify originally asked that KISS voluntarily produce the documents listed in RFP Nos.

1-19 after KISS produced the subject deposition transcripts and certain of their exhibits in response

to a duly issued subpoena from Hollyren/Worldbeauty.  KISS believed that production included

all of the documents and information relevant to its prior art Trio and Quattro products.  KISS

therefore requested that Lashify explain the relevance of the additional exhibits it asked KISS to

produce voluntarily.  Eventually, Lashify responded as follows:

- Several deposition exhibits reflect KISS's development and launch of new lash products such as Falscara after the Quattro or Trio products.  These documents include discussions of ways to design artificial lashes, discussions with Lashify's manufacturer, and reference to Lashify, Lashify's products, and Lashify's patents.  *See* Ahn Ex. 3 and Kim Ex. 7[7] (product development spreadsheet

---

[5] KISS agrees that Lee Ex. Nos. 4-6 may be relevant to the issue of validity and will produce them in response to the Subpoenas.

[6] Notably, the same Lashify attorney that executed the subpoenas also executed an undertaking in the ITC investigation involving Lashify and KISS, in which that attorney agreed to be bound by the terms of the Protective Order in that investigation and to utilize confidential information produced in that investigation "***solely*** for the purposes of this investigation."  Ex. K (Protective Order Subscriptions).  It is unclear how Lashify decided which exhibits to list in RFP Nos. 2-19 or explained to KISS their alleged relevance without viewing those documents in violation of the ITC Protective Order.

[7] Kim Ex. No. 7 corresponds to RFP No. 2.  While Lashify is correct that this document is a product development spreadsheet, it does not include any manufacturing or other details for KISS's Falscara product beyond pricing information for products under development at the time. Moreover, it post-dates Lashify's alleged priority date.

discussed in depositions); Ahn Exs. 5-9[8], Kim Exs. 1[9], 7[10], Lee Exs. 2-3[11] and 7-10[12], and Moon Exs. 1[13], 13-14[14] (documents discussing Lashify's manufacturer, manufacturing of lashes, Lashify's patents); and Kim Exs. 8-9[15] (documents comparing Lashify to competitor product Falscara, including market reception to products). These documents are relevant to the issue of obviousness, including long-felt needs and failure of others, as they show a competitor introducing new products with new designs and applications after the alleged prior art was already available. They are also relevant to alleged copying by competitors. And they are relevant to the issue of the value of the invention, including the utility and advantages of Lashify's technology compared to the alleged prior art.

---

[8] Ahn Ex. Nos. 5, 6, 7, 8, 9 correspond to RFP Nos. 4, 5, 6, 7, 8 respectively. At most, these documents (specifically, Ahn. Ex. Nos. 5 & 8) discuss the width of the KISS's Falscara product—a feature that Lashify could easily measure by simply purchasing an example of the product, rather than burdening KISS with third-party discovery requests for documents that contain various other confidential information that is irrelevant to any claim or defense raised by the parties to the Texas Cases. And while Ahn Ex. No. 7 discusses KISS's research into a particular manufacturing process, KISS can ultimately be seen rejecting that process. This rejected process is therefore irrelevant to any alleged copying or how KISS manufactures eyelashes. Finally, while Ahn Ex. No. 9 vaguely mentions on of Lashify's patents, it does not state which one or include any other information that might be relevant to the Texas Cases.

[9] Kim Ex. No. 1 corresponds to RFP No. 5 and is identical to Ahn. Ex. No. 7.

[10] *See supra* n.7.

[11] Lee Ex. Nos. 2 and 3 correspond to RFP No. 12 and 13 respectively. Like Ahn Ex. Nos. 5-9, Lee Ex. No. 3 discusses, at most, the width of the KISS's Falscara product—a feature that Lashify could easily measure by simply purchasing an example of the product, rather than burdening KISS with third-party discovery requests for documents that contain various other confidential information that is irrelevant to any claim or defense raised by the parties to the Texas Cases. This same email confirms that the widths of KISS's Falscara products are ***different*** than those of Lashify's own products. This shows lack of copying, which further proves the irrelevance of the documents sought by Lashify, including Ahn Ex. Nos. 5-9.

[12] Lee Ex. Nos. 7, 8, 9, and 10 correspond to RFP Nos. 14, 15, 16, 17 respectively. These documents say nothing whatsoever about the physical properties of KISS's Falscara product or how they are made.

[13] Moon Ex. No. 1 is a document pulled by Lashify from a public website that does not belong to KISS. Lashify does not need this document from KISS, much less KISS's permission to produce it.

[14] Moon Ex. Nos. 13 and 14 correspond to RFP Nos. 18 and 19 respectively. Moon Ex. No. 3 merely lists the contents of a shipment of eyelash samples to KISS, while Moon Ex. No. 14, at most, refers to the curl diameter and width of KISS's Falscara product. Again, this is publicly available information that could easily be obtained from purchasing and measuring the product itself.

[15] Kim Ex. Nos. 8 and 9 correspond to RFP Nos. 10 and 11 respectively. These exhibits merely discuss KISS's response to Lashify's attacks against KISS on social media.

- Other deposition exhibits reflect the state of the art and the market, including products that existed prior to Lashify's patents.  *See* Ahn Ex. 4[16], Kim Ex. 4[17], and Lee Ex. 1[18] (presentations discussing lash products over time and new product development).  These documents are relevant to the same issues of obviousness and value of the invention above.
- Other deposition exhibits specifically discuss the alleged prior art, and are thus relevant to the issues of validity and value of the invention as well.  *See* Lee Exs. 4-6.

Ex. J at 2.  Only the third bullet relates to relevant documents—i.e., prior art-related materials.

KISS therefore agreed that the exhibits identified in that bullet could be produced, on the condition

that Lashify would ***not*** issue a subpoena to KISS:

> Based on your explanation, and subject to Lashify's agreement to the rest of this email, KISS can agree that Lee Exs. 4-6 can be produced with the appropriate confidentiality marking, with the understand that KISS's agreement that these documents can be produced will obviate the need for a subpoena to KISS for additional documents or a deposition.

Ex. J at 1.  Lashify did not accept this offer and, instead, issued the present Subpoenas.  Tellingly,

however, none of the documents that actually relate to prior art are among those identified by Bates

number in RFPs 2-19.

Each of the documents Lashify now seeks from KISS appears to be directed to KISS's

alleged "copying" of Lashify's patented technology — despite the ITC's determination that KISS

does ***not*** infringe Lashify's patents.  The vast majority post-date Lashify's earliest claimed priority

date while discussing little more than the width and curl of the eyelash extensions that Lashify

contends were copied by KISS (i.e., KISS's "Falscara" product)—all publicly available

---

[16] Ahn Ex. No. 4 corresponds to RFP No. 3.  This exhibit is an internal PowerPoint presentation discussing, at a high level, KISS's initial idea for its Falscara product.  It does not include any details on the dimensions, properties, or manufacturing process for that product.  More information could be ascertained from purchasing and analyzing the product.

[17] Kim Ex. No. 4 corresponds to RFP No. 9.  This is another internal PowerPoint presentation on new KISS products.  It does not mention the KISS Falscara product.

[18] Lee Ex. No. 1 corresponds to RFP No. 9.  It is the same exhibit as Kim Ex. No. 4.  *See supra* n.17.

information that could easily be obtained by simply purchasing and analyzing the KISS's Falscara

product.[19]  KISS explained all of this to Lashify in email correspondence (*see* Ex. J) before Lashify

issued its Subpoenas:

- We understand from their subpoena that Hollyren and Worldbeauty are relying on KISS's Trio and Quattro products as prior art.  And KISS is willing to agree to produce exhibits directed to those products.  If you will send us a list of the documents you believe fall into that category, we will consider them and get back to you promptly.
- We disagree that authorization to produce deposition transcripts renders every exhibit discussed in the deposition relevant. If you have some case law to support that position, we will consider that too.
- As for communications between KISS and Cosmoprof, none discuss any prior art product and all post-date the patents at issue.  We therefore maintain that they are irrelevant.  (Ex. J. at 4-5)

***

KISS does not agree to the production of any other exhibits because they do not contain information that is relevant to the Lashify/Hollyren litigation.  For example, it was confirmed at the ITC that KISS does not infringe Lashify's patents and, therefore, KISS did not "copy" Lashify's alleged invention.  (Ex. J at 1.)

Lashify served its Subpoenas anyway, focusing primarily on these exact exhibits.

The irrelevance of KISS's alleged "copying" cannot be overstated.  Indeed, KISS is

informed that Lashify has not identified a single KISS product, including KISS's Falscara product,

as practicing a single limitation of any of the patents at issue in the Texas Cases.  In fact, KISS is

informed that Lashify has not mentioned KISS's Falscara product in any pleading or discovery

response related to alleged copying, the state of the art, or patent validity in the Texas cases, despite

a prolonged fact discovery.  Regardless, KISS already proved to the ITC that it did ***not*** copy

Lashify's patented technology.

---

[19] *See supra* nn.7-18.

The deposition exhibits Lashify seeks in the Texas Cases are KISS's internal documents and contain KISS's confidential business information. As a result of their sensitivity, they were produced as Attorneys' Eyes Only during the ITC investigation.

Lashify will inevitably argue in its response (as it did during the parties' discussions before the Subpoenas issued) that there is no burden on KISS to produce the documents sought by RFP Nos. 1-19 because KISS already collected and produced them during the ITC investigation. But Lashify misses the point. The burden is the risk Lashify asks KISS to bear compared to the relevance (there is none) of the documents Lashify seeks. The portions of these documents relating to KISS's Falscara product do not contain any non-public information about how those products are manufactured or their physical characteristics, while at the same time containing a large amount of confidential information about those products (e.g., internal pricing), as well as products that are not even at issue here (e.g., bonds, sealers, and their containers).

> **b.**  **As Lashify cannot satisfy the relevance threshold, producing KISS's confidential business information constitutes an undue burden to KISS.**

A subpoena is unduly burdensome if it requests information irrelevant to the claims or defenses in the underlying action. *See Torcasio v. New Canaan Board of Ed.*, No. 3:15-CV-00053 (AWT), 2016 WL 312102, *3 (D. Conn. Jan. 26, 2016). "Any subpoena that is issued to non-parties pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." *Ireh v. Nassau Univ. Med. Ctr.*, No. CV-06-09 (LDW)(AKT), 2008 WL 4283344, at *5 (E.D.N.Y. Sept. 17, 2008) (citing *During v. City Univ. of N.Y.*, 05-CV-6992 (RCC), 2006 WL 2192843, at *2 (S.D.N.Y. Aug. 1, 2006). The limitations on discovery found in Rule 26(b) apply to "all discovery," including the discovery sought by third-party subpoenas. *Watts v. SEC*, 482 F.3d 501, 509 (D.C. Cir. 2007). Rule 26 provides that discovery shall be limited by the court if the court determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

*Nova Biomedical Corp. v. i-STAT Corp.*, 182 F.R.D. 419, 423 (S.D.N.Y. 1998) (citing Fed. R. Civ.

P. 26(b)(2)).  Thus, parties may not engage in a "fishing expedition" to attempt to obtain evidence

to support their claims or defenses (or unrelated to their claims or defenses).  *See Torcasio*, 2016

WL 312102 at *3.  That is what KISS seeks to prevent here.

> ### c.  The commercially sensitive nature of the materials requested substantially outweighs any need for them.

Rule 45(d)(3)(B)(i) states that a court may quash or modify a subpoena if "it requires

disclosing a trade secret or other confidential research, development, or commercial information."

And "[r]estrictions on discovery may be broader where a non-party is the target of discovery to

protect such third parties from unnecessary harassment, inconvenience, expense or disclosure of

confidential information."  *In re Candor Diamond Corp.*, 26 B.R. 847, 849 (S.D.N.Y.1983).  It

follows that, "[w]here a subpoena may have little or no relevance to the claims and defenses in a

particular action, while having the potential of disclosing confidential or proprietary information

that could create a contemporary and possibly an uncompromising competitive business edge over

others, a court should consider quashing the subpoena."  *Banner Indus. of N.E., Inc. v. Wicks*, No.

1:11-cv-1537 (NAM/RFT), 2013  WL 5722812, *8 (N.D.N.Y. Oct. 21, 2013) (citing *Solow v.*

*Conseco, Inc.*, No. 06-CV-5988 (BSJ)(THK), 2008 WL 190340, at *5 (S.D.N.Y. Jan. 18, 2008)).

All of the RFPs and the Topic in the Subpoenas (and their incorporated definitions)

necessarily require KISS to provide confidential business that has zero relevance to any claim or

defense in the Texas Cases.  As KISS is a third party, the Court should also quash the Subpoenas

on this basis.  *See Wicks*, 2013 WL 5722812, at *7–9.  The risk of inadvertent disclosure to KISS's

confidential business information and the potential misuse of that confidential business

information justifies quashing the subpoenas, just as the court explained in *Berkelhammer v. Voya*

*Institutional Plan Services, LLC*, No. 3:22-mc-00099, 2023 WL 5042526, (D. Conn. Aug. 8,

2023):

> An order compelling VRA's disclosure of proprietary information under any
> protective order imposes at least some burden because it carries some risk of
> competitive harm and some risk of inadvertent disclosure. ***In light of the***
> ***confidential nature of the documents and what can be considered most favorably***
> ***to Plaintiffs as marginal relevance, almost any burden is undue***. The burden of
> producing the irrelevant, confidential information at issue certainly is. Therefore,
> Plaintiffs' arguments are unavailing.
>
> Because these documents are not relevant to the claims and defenses in the
> underlying action, they are not discoverable under Rule 26 or Rule 45. Moreover,
> the Court finds that the information requested is confidential business information
> of non-parties FE and VRA, which ***disclosure is not justified, even under a***
> ***protective order given the lack of relevance***. Consequently, this Court need not
> proceed to consider whether the requests for production are proportional to the
> needs of the case, whether the documents sought are privileged, the breadth of the
> document request, the time period covered by it, the particularity with which the
> documents are described, or the burden imposed.

*Id.* at *3-4 (emphasis added).

> **3.     The burden imposed on KISS to prepare witnesses to sit for a**
> **deposition is substantial, particularly when KISS has already done so**
> **and KISS has given Lashify permission to use the deposition**
> **transcripts.**

Multiple KISS witnesses sat for multiple days of depositions by Lashify in the ITC

investigation.  KISS already has produced the transcripts from those depositions for use in the

Texas Cases in response to subpoenas issued by Hollyren/Worldbeauty.  And in those transcripts,

Lashify asked questions about the documents sought by RFP Nos. 1-19, some of multiple

witnesses.[20]  That Lashify wants an additional deposition of KISS as a non-party is nothing but pure harassment.  The burden for KISS to prepare yet another witnesses to talk about these documents (and potentially others, in view of RFP No. 20) would be extraordinary and unduly burdensome, cumulative, and constitute a fishing expedition, particularly in view of the lack of relevance of the documents.

Accordingly, the Deposition Subpoenas should be quashed.

**B.     The Court should order further relief to KISS as it deems just and proper.**

KISS also asks that the Court award further relief to KISS, including its attorney's fees for preparing this motion, if the Court deems this relief just and proper.  *See* Rule 45(d)(1).

## IV.    CONCLUSION

For the foregoing reasons, KISS's motion to quash the subpoenas should be granted.  To the extent that the instant motion does not automatically suspend KISS's obligation to produce documents or a witness, KISS also requests that the Court stay any document production or deposition pending resolution of the instant motion.

Date:  January 16, 2024                         Respectfully submitted,


                                                /s/ *Eric Faragi*
                                                Eric Faragi
                                                eric.faragi@bakerbotts.com
                                                BAKER BOTTS L.L.P.
                                                30 Rockefeller Plaza
                                                New York, NY 10112-4498
                                                Tel: (212) 408-2591
                                                Fax: (212) 259-2591

                                                Thomas C. Martin (*pro hac vice* to be filed)
                                                tommy.martin@bakerbotts.com
                                                BAKER BOTTS L.L.P.
                                                700 K Street, N.W.
                                                Washington, D.C. 20001

---

[20] *See, e.g.*, *supra* nn.9, 18.

Tel: (202) 639-7700
Fax: (202) 639-7890

*Attorneys for*
*KISS Nail Products, Inc.*

## CERTIFICATE OF CONFERENCE

Undersigned counsel met and conferred with Jonathan McMichael, subpoena-issuing

counsel for Lashify, on January 16, 2024 concerning the Subpoenas but did not reach agreement.

/s/ *Eric Faragi*
Eric Faragi

18

## CERTIFICATE OF SERVICE

The foregoing Memorandum in Support KISS's Motion to Quash was served electronically on all counsel of record in this matter via the Court's ECF system.  In addition, I caused the foregoing to be served by email on:

Jonathan T. McMichael (jmcmichael@fenwick.com), subpoena-issuing counsel for Lashify, Inc.


Dated: January 16, 2024

/s/ *Eric Faragi*
Eric Faragi