```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

|  |  |
|---|---|
| KISS NAIL PRODUCTS, INC.,<br><br>       Movant,<br><br>-against-<br><br>LASHIFY, INC.,<br><br>IN RE SUBPOENAS SERVED ON KISS NAIL PRODUCTS, INC. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED:  04/04/2024<br><br>24 Misc. 25 (AT)<br><br>**ORDER** |

ANALISA TORRES, District Judge:

In connection with two patent infringement cases pending in the United States District Court for the Western District of Texas, Lashify, Inc. ("Lashify") issued two document subpoenas (the "Document Subpoenas") and two deposition subpoenas (the "Deposition Subpoenas") to non-party KISS Nail Products, Inc. ("KISS"). *See* ECF Nos. 1-1 to -4. KISS moves to quash the subpoenas pursuant to Federal Rule of Civil Procedure 45.[1] *See* Mot., ECF No. 1. For the reasons stated below, the motion is DENIED.

## BACKGROUND

### I. Factual Background

Lashify is a California-based company that manufactures and sells artificial eyelashes. *Id.*; Opp. at 1, ECF No. 6 (Lashify "invented a new do-it-yourself ('DIY') lash extension system that allows users to apply artificial lashes safely and easily in their own homes."). On July 12, 2022, Lashify filed separate actions in the Western District of Texas (the "Texas Actions") against Hollyren and Worldbeauty, two "Chinese trading companies that sell artificial eyelashes." Mot. at 2; *see*

---

[1] KISS also seeks to seal three deposition transcripts filed in connection with its reply. ECF No. 10. The Court concludes that these transcripts contain confidential business information, which is likely to harm KISS's competitive standing if publicly released. *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). Therefore, KISS has overcome the presumptive right of access to judicial documents, and the Court GRANTS KISS's motion to seal.

*Lashify, Inc. v. Qingdao Hollyren Cosmetics Co., Ltd. d/b/a Hollyren*, No. 22 Civ. 777 (W.D. Tex. filed July 12, 2022); *Lashify, Inc. v. Qingdao Lashbeauty Cosmetic Co., Ltd. d/b/a Worldbeauty*, No. 22 Civ. 776 (W.D. Tex. filed July 12, 2022).

KISS, a New York business that also markets and sells artificial eyelashes, is not a party to the Texas Actions. Mot. at 1. Prior to filing the Texas Actions, Lashify initiated an investigation of Hollyren, Worldbeauty, and KISS by the United States International Trade Commission (the "ITC"), alleging a violation of 19 U.S.C. § 1337, which bars unfair practices in import trade. *See id.* at 2. As part of the ITC investigation, Lashify deposed four of KISS's employees related to the artificial lashes. Opp. at 1. However, KISS designated the deposition transcripts (the "Transcripts") as confidential under an ITC protective order, and no party in the Texas Actions can use the Transcripts or the exhibits to the Transcripts without KISS's approval. *Id.*

In the Texas Actions, Hollyren and Worldbeauty are arguing, in relevant part, that Lashify's patents to the artificial eyelashes are invalid because the purported invention was "obvious." *Id.* at 6; *see* ECF No. 1-10; *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 15 (1966) (If "the difference between the subject matter sought to be patented and . . . what was known before . . . is such that the subject matter as a whole would have been obvious at the time to a person skilled in the art, then the subject matter cannot be patented." (citing 35 U.S.C. § 103)). Hollyren and Worldbeauty issued document subpoenas to KISS, in response to which KISS produced the Transcripts and certain exhibits. Mot. at 7. Lashify then requested "authorization to use the remaining deposition exhibits," and KISS refused. Opp. at 2–3.

On January 5, 2024, Lashify served four subpoenas on KISS. Mot. at 2; *see* ECF Nos. 1-1 to -4. The Document Subpoenas seek twenty categories of documents: Request 1 seeks all exhibits to three depositions of KISS employees during the ITC investigation; Requests 2 through 19 name specific documents that were introduced as deposition exhibits; and Request 20 seeks "[d]ocuments

2

and communications referring or relating to this Action, Lashify, Lashify's products, . . . the Asserted Patents or related patents, and Lashify's intellectual property." *See* ECF No. 1-1 at 11; ECF No. 1-2 at 11.  The Deposition Subpoenas seek testimony about the "content" of the materials produced in response to the Document Subpoenas.  *See* ECF Nos. 1-3, 1-4.

On January 16, 2024, KISS moved to quash the subpoenas before this Court, arguing that Requests 1 and 20, as well as the Deposition Subpoenas, were overbroad and that Requests 2 through 19 were unduly burdensome.  In its opposition, Lashify states that, "for efficiency purposes, [it] opposes KISS's motion to quash only to the extent KISS refuses to produce documents in response to RFP Nos. 1-19." Opp. at 3.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 provides that on a "timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv).

On a motion to quash, "the party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Shaw v. Arena*, No. 17 Misc. 448, 2018 WL 324896, at *1 (S.D.N.Y. Jan. 3, 2018) (cleaned up).  "Relevance" is construed "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  "[A] district court whose only connection with a case is supervision of discovery ancillary to an action in another district should be especially hesitant to pass judgment on what constitutes relevant evidence thereunder." *Westernbank P.R. v. Kachkar*, No. M8-85, 07-1606, 2009 WL 856392, at *4 (S.D.N.Y. Mar. 27, 2009) (internal quotation marks and citation omitted).  "[W]here relevance is in doubt, the district court is to be permissive." *Id.*

Upon establishing relevance, "the movant bears the burden of demonstrating an undue burden." *Griffith v. United States*, No. M8-85, 2007 WL 1222586, at *2 (S.D.N.Y. Apr. 25, 2007). Determining whether a subpoena imposes an undue burden "requires a court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it," which "calls upon the trial court to consider whether the information is necessary and whether it is available from any other source." *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*, 262 F.R.D. 293, 300 (S.D.N.Y. 2009); *Kirschner v. Klemons*, No. 99 Civ. 4828, 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005).

## DISCUSSION

KISS's motion to quash the Deposition Subpoenas and Request 20 of the Document Subpoenas is moot in light of Lashify's statement that it does not continue to seek the information covered by those subpoenas. The Court shall, therefore, focus its analysis on Requests 1 through 19.

Lashify argues that this information is relevant for two reasons. First, it contends that KISS has provided the Transcripts and certain exhibits, so it should be required to complete the record as to the other exhibits discussed in the Transcripts. The Court agrees. Because the Court's only connection with the Texas Actions is "supervision of discovery," it must be "hesitant to pass judgment on what constitutes relevant evidence." *Westernbank*, 2009 WL 856392, at *4. KISS has conceded relevance of the Transcripts and certain exhibits by providing them in response to Hollyren and Worldbeauty's subpoenas. And, KISS "chose not to submit any of the requested deposition exhibits with its motion." Opp. at 6 n.1. On this record, the Court is not inclined to adjudge Lashify's request for the other exhibits discussed in the Transcripts as irrelevant.

Second, Lashify has proffered a specific reason that the exhibits are relevant: the documents will help it to dispute Hollyren and Worldbeauty's defenses that Lashify's patents were obvious in light of "prior art," namely KISS's Quattro and Trio products. *See* 35 U.S.C. § 103 ("A patent for a

4

claimed invention may not be obtained . . . if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious."). KISS argues that Lashify is trying to prove that KISS copied Lashify's products as a way of undermining the "prior art," and states that the ITC investigation specifically rejected this theory. Lashify can show nonobviousness without needing to prove that KISS copied Lashify's products; evidence of nonobviousness includes "commercial success, long felt but unsolved needs, [and] failure of others." *Graham*, 383 U.S. at 17. Lashify has explained that the documents "include discussions of ways to design artificial lashes, discussions with Lashify's manufacturer, and reference to Lashify, Lashify's products, and Lashify's patents" and, therefore, are relevant to "long-felt needs and failure of others." ECF No. 1-10 at 2.[2] Moreover, KISS's merits argument is precisely the sort of issue that a district court supervising discovery should be hesitant to pass judgment on. Therefore, Lashify has met its burden to show that the requested information is relevant.

    KISS must next demonstrate that the production of information poses an "undue burden." The requests do not require KISS to search for or produce any new documents: the parties to the Texas Actions already possess the exhibits and KISS need only "authorize use of the deposition exhibits" in the Texas Actions. Opp. at 8 (emphasis omitted). KISS argues that it still faces the "risk of inadvertent disclosure [of its] confidential business information" to its competitors, and that the protective order in the Texas Actions will not solve this issue. Mot. at 4; Reply at 8–10. As for disclosure to KISS's competitors, Lashify notes that the Texas Actions' protective order includes "a tier limiting disclosure to outside counsel for the parties, and KISS can provide information subject to

---

[2] KISS separately argues that Lashify has not identified a "single detail in the requested document[s] that might actually relate to such theories." Reply at 7, ECF No. 9. This is incorrect, as demonstrated by the quoted text. Moreover, "KISS has not authorized Lashify to use the documents for purposes of this briefing." Opp. at 6 n.1. KISS cannot withhold consent for Lashify to rely on the documents and then shift the blame to Lashify for not providing more details about them.

this protective order." Opp. at 8.  "[T]he disclosure of confidential information on an 'attorneys' eyes only' basis is a routine feature of civil litigation involving trade secrets" and "sensitive commercial information." *Flores v. Stanford*, 2021 WL 4441614, at *8 (S.D.N.Y. Sept. 28, 2021) (quoting *In re City of N.Y.*, 607 F.3d 923, 935 (2d Cir. 2010)).  Although a protective order is not a panacea against disclosure, "a court should not lightly assume that parties will violate their obligations imposed on them by a duly entered protective order on the court's docket." *Id*. (cleaned up).  The Court finds that the protective order in the Texas Actions adequately addresses KISS's concerns.

## CONCLUSION

For the foregoing reasons, KISS's motion to quash is DISMISSED as moot as to the Deposition Subpoenas and Request No. 20 of the Document Subpoenas, and DENIED as to Requests Nos. 1 through 19 of the Document Subpoenas.[3]  KISS's motion to seal is GRANTED.  The Clerk of Court is directed to terminate the motions at ECF Nos. 1 and 10 and close the case.

SO ORDERED.

Dated: April 4, 2024  
New York, New York

_____  
ANALISA TORRES  
United States District Judge

---

[3] KISS requests attorneys' fees for bringing the motion pursuant to Fed. R. Civ. P. 45(d)(1), which requires the party issuing the subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" and requires courts to "enforce this duty and impose an appropriate sanction" on non-compliant parties. Because the Court has denied KISS's motion to quash, sanctions are not warranted, and KISS's request is DENIED.